# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRYL McGLOTHIAN**
        **Petitioner,**

    **v.**                          **Case No. 05-C-0585**
                                  **(Criminal Case No. 03-CR-237)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## RULE 4 ORDER

Petitioner Darryl McGlothian filed this 28 U.S.C. § 2255 motion attacking his conviction and sentence. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must preliminarily examine the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## I. BACKGROUND

Petitioner pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a) & (d), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c), and on July 1, 2004, I sentenced him to 41 months on count one and 84 months consecutive on count two for a total of 125 months in prison. He took no appeal. In the instant motion, petitioner alleges that his lawyer was ineffective, his rights under the Double Jeopardy Clause were violated, and his Fifth and Sixth Amendment rights were violated because certain sentencing enhancements were not charged in the indictment or presented to a jury.

## II. DISCUSSION

### A. Ineffective Assistance Claim

Petitioner contends that his lawyer was ineffective in various respects. Generally, in order to prevail on such a claim the defendant must show that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of counsel's unprofessional errors. Strickland v. Washington, 466 U.S. 668, 687 (1984).

#### 1. Consecutive Sentences

Petitioner first claims that his plea was unintelligent because his lawyer failed to advise him that the sentence on count two had to run consecutive to the sentence on count one. See 18 U.S.C. § 924(c)(1)(D)(ii) (providing that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or

2

possessed"). Petitioner states that he expected to receive an 84 month rather than a 125 month sentence.

For at least two reasons, the claim fails. First, the plea agreement, which petitioner assured me he had read and understood, clearly stated that count two was "punishable by a minimum mandatory 7 years in prison consecutive to any other sentence." (Plea Agreement at 3, ¶ 6.) I also advised petitioner of the required consecutive penalty on count two during the plea colloquy, and petitioner stated that he understood. Thus, even if counsel provided erroneous advice, petitioner cannot show prejudice because the court corrected any misunderstanding. See, e.g., Robinson v. United States, 196 F.3d 748, 753 (7th Cir. 1999), vacated on other grounds, 531 U.S. 1108 (2001) (holding that even though attorney misled defendant about minimum sentence, plea was voluntary where court during plea colloquy informed defendant about applicable minimum); United States v. Martinez, 169 F.3d 1049, 1053-54 (7th Cir. 1999) (finding plea voluntary where attorney failed to inform defendant of five year mandatory minimum sentence, but court accurately advised defendant during plea colloquy); United States v. Rice, 116 F.3d 267, 269 (7th Cir. 1997) (holding that defendant cannot establish prejudice on basis of counsel's incorrect advice where trial judge warned him not to harbor any expectation about sentence).

Second, a mere inaccurate prediction about the defendant's sentence does not demonstrate deficient performance. See, e.g., Martinez, 169 F.3d at 1053; United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). To demonstrate that his guilty plea was involuntary due to ineffective assistance of counsel, the defendant must prove that his counsel's advice fell below the range of competence demanded of attorneys in criminal cases and that, but for this deficiency, he would not have pleaded guilty and instead would

3

have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 56 (1985).  In the present case, petitioner makes no showing that counsel failed to make a good faith estimate of his sentence, see Barnes, 83 F.3d at 940, but more importantly, petitioner does not even allege, much less demonstrate through objective evidence, that he would have gone to trial.  See United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990).

### 2. Apprendi Claim

Petitioner next contends, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), that his lawyer was ineffective because he did not advise petitioner that he was entitled to a jury trial on the guideline enhancements discussed in the plea agreement.  For several reasons, the claim fails.

First, at the time of the plea, it was clearly established in this (and every other) circuit that Apprendi did not apply to sentencing enhancements under the guidelines within the statutory maximum.  See, e.g., Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (collecting cases).  Counsel's performance must be evaluated based on the legal landscape at the time of the representation.  At the relevant time, an Apprendi argument would have been fruitless, and the Sixth Amendment does not require counsel to forecast changes or advances in the law.  Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001).  Therefore, petitioner cannot show that his lawyer's performance was deficient.

Second, even assuming that counsel should have forecast such a change, petitioner cites no authority for the proposition that he was entitled to a jury trial on guideline enhancements.  Indeed, the Supreme Court later rejected this remedy in United States v. Booker, 125 S. Ct. 738, 759 (2005).

4

Finally, Booker, which applied the rule of Apprendi to the federal sentencing guidelines, does not apply retroactively to cases, such as petitioner's, that became final prior to January 12, 2005. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 73 U.S.L.W. 3709 (U.S. June 6, 2005).

### 3. Failure to Appeal

Next, petitioner contends that his lawyer failed to file a notice of appeal as instructed. Counsel's failure to file an appeal on request constitutes ineffective assistance, without regard to the probability of success on appeal. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Therefore, I will require the government to respond to this claim.

## B. Double Jeopardy Claim

Petitioner contends that his double jeopardy rights were violated when he was charged with both armed robbery and brandishing a firearm during the robbery. He contends that, because there is no distinction in elements between the two offenses, he could not be prosecuted and punished for both.

Petitioner failed to raise this claim before me or on direct appeal. However, even assuming that he can show cause for the resulting procedural default – if his lawyer was ineffective, for example – he cannot show prejudice because the claim lacks merit. See United States v. Frady, 456 U.S. 152, 167 (1982).

When a defendant is prosecuted for two offenses in the same proceeding, the test is simply whether Congress intended cumulative punishments. See Missouri v. Hunter, 459 U.S. 359, 368 (1983); United States v. Handford, 39 F.3d 731, 735 (7th Cir.

5

1994). The Seventh Circuit held in United States v. Larkin, 978 F.2d 964, 972 (7th Cir. 1992), that Congress intended to authorize consecutive sentences for armed robbery and use of a firearm during that same robbery. See also United States v. Gonzales, 520 U.S. 1, 10 (1997) (noting that Congress amended § 924(c) in 1984 so that its sentencing enhancement would apply regardless of whether the underlying felony statute provides for an enhanced punishment if committed by the use of a dangerous weapon, as does the armed bank robbery statute). Petitioner cites Apprendi, but that case has no effect here. Petitioner conceded all of the elements of both the armed bank robbery and § 924(c) counts, and Congress mandated consecutive sentences.

**C. Fifth and Sixth Amendment Claim**

Finally, petitioner contends that his Fifth and Sixth Amendment rights were violated because the guideline sentencing enhancements applied to him were not charged in the indictment, and his lawyer failed to advise him that this deficiency meant he was not required to answer them and that he had a right to a jury trial on them. He claims that because such enhancements were not properly charged he could not be punished for them. He relies on Apprendi, Blakely and Booker.

None of those cases hold that guideline enhancements must be charged in the indictment and proven beyond a reasonable doubt to a jury. The Supreme Court in Booker solved the Sixth Amendment problem by making the guidelines advisory. Because no law supports petitioner's argument, counsel was not ineffective and petitioner's claim fails.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that all of petitioner's claims, save the ineffective assistance claim based on counsel's alleged failure to file an appeal, are summarily **DENIED**.

**IT IS FURTHER ORDERED** that the government file an answer or other response to the ineffective assistance claim based on counsel's failure to file an appeal within 30 days of the date of this order. The court will address further scheduling upon receipt of the government's response.

Dated at Milwaukee, Wisconsin, this ___ day of June, 2005.

_____
LYNN ADELMAN
District Judge