# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRYL McGLOTHIAN
    Petitioner,

  v.             Case No. 05-C-0585
                  (Criminal Case No. 03-CR-237)

UNITED STATES OF AMERICA
    Respondent.

## ORDER

  Petitioner Darryl McGlothian filed a motion under 28 U.S.C. § 2255 alleging that (1) his lawyer provided ineffective assistance by (a) failing to advise him that he faced consecutive sentences on the two counts of conviction, (b) failing to advise him that he was entitled to a jury trial on guideline sentencing enhancements, and (c) failing to file a notice of appeal; (2) his rights under the Double Jeopardy Clause were violated by his convictions of armed bank robbery and use a firearm during the robbery under 18 U.S.C. § 924(c); and (3) his Fifth and Sixth Amendment rights were violated because guideline sentencing enhancements were not charged in the indictment or presented to a jury. I denied claims (1)(a) & (b), (2) and (3) under Rule 4 of the Rules Governing Section 2255 Proceedings. I held an evidentiary hearing on claim (1)(c), then denied it and dismissed the case. Petitioner has now filed a notice of appeal and request for a certificate of appealability ("COA").

## I.  FACTS AND BACKGROUND

Petitioner pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a) & (d), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), pursuant to a plea agreement with the government.  In the agreement, the parties stipulated that petitioner faced up to twenty-five years in prison on the bank robbery count, and a minimum of seven years (up to life) consecutive to any other sentence on the § 924(c) count. (Case No. 03-CR-237, Plea Agreement [R. 28] at 3 ¶ 6.)  The parties also agreed to the applicable guidelines on count one – base level 20, U.S.S.G. § 2B3.1(a), plus 2 because the property of a financial institution was taken, § 2B3.1(b)(1), plus 2 based on reckless endangerment during flight, § 3C1.2, and minus 3 for acceptance of responsibility, § 3E1.1. (Id. at 5-6 ¶¶ 15-19.)  At the plea hearing, petitioner advised me that he had read the plea agreement and discussed it with his lawyer. (Case No. 03-CR-237, March 2, 2004 Plea Hr'g Tr. at 5.)  I also advised petitioner of the penalties he faced, including the mandatory consecutive sentence on the § 924(c) count, and he assured me understood that as well.   (Id. at 5-6.)

At sentencing, which occurred about a week after the Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004), defense counsel, Dennis Ryan, argued that 18 U.S.C. § 3553 provided me with discretion to consider running the sentences concurrently.  I rejected the argument. (Case No. 03-CR-237, June 30, 2004 Sen. Hr'g Tr. at 3-6.)  I asked Ryan and petitioner whether they were waiving any right to a jury determination beyond a reasonable doubt on the guideline enhancements, and they both stated they were. (Id. at 6-7.)  I then sentenced petitioner to 41 months in prison on count one, the low end of the agreed-upon guideline range, and 84 months consecutive

2

on count two, for a total of 125 months. Petitioner filed no notice of appeal. However, in his § 2255 motion, he alleged that counsel failed to file the notice on his request. As noted, I denied petitioner's claims and dismissed the case. He now requests a COA.

## II. DISCUSSION

### A. COA Standard

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000). The COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

### B. Analysis of Petitioner's Claims

None of petitioner's claims are debatable among jurists of reason.

3

1. **Ineffective Assistance Claims**

    a. **Consecutive Sentences**

Petitioner claimed that his plea was unintelligent because his lawyer failed to advise him that the sentence on the § 924(c) count had to run consecutive to the sentence on the bank robbery count. Because petitioner was advised both in the plea agreement and during the plea colloquy that the sentences had to run consecutive, the claim failed. Even if counsel provided this erroneous advice, petitioner failed to show prejudice because the court corrected any misunderstanding.[1]

Because courts consistently reject ineffective assistance claims based on erroneous advise that the judge later corrects, jurists of reason would not find my denial of petitioner's claim debatable or wrong. See, e.g., United States v. Peterson, 414 F.3d 825, 827 (7th Cir.), cert. denied, 126 S. Ct. 592 (2005) (rejecting plea withdrawal based on ineffective assistance where court advised that sentence on § 924(c) count need not be concurrent); United States v. Martinez, 169 F.3d 1049, 1053-54 (7th Cir. 1999) (finding plea voluntary where attorney failed to inform defendant of five year mandatory minimum sentence, but court accurately advised defendant during plea colloquy); United States v. Rice, 116 F.3d 267, 269 (7th Cir. 1997) (holding that defendant cannot establish prejudice on basis of counsel's incorrect advice where trial judge warned him not to harbor any expectation about sentence); see also United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). Further, petitioner did not even allege, much less show, that had his lawyer properly

---

[1] I note that during the evidentiary hearing, Attorney Ryan credibly testified that he never guaranteed petitioner concurrent time. Therefore, petitioner failed to show deficient performance, as well.

4

advised him he would not have pleaded guilty and instead would have insisted on going to trial. See United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990). For this reason as well, the claim should not proceed further.

### b. Apprendi Claim

Petitioner claimed, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), that his lawyer was ineffective because he did not advise petitioner that he was entitled to a jury trial on the guideline enhancements discussed in the plea agreement. The claim failed because there was not at the time of the plea, see Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004), nor is there now, any such right flowing from Apprendi or its progeny, see United States v. Booker, 543 U.S. 220, 249-58 (2005). Because the claim has no legal basis, jurists of reason would not quarrel with my denial of it.

### c. Failure to Appeal

Petitioner claimed that he instructed Ryan to file a notice of appeal, but Ryan failed to do so. I held an evidentiary hearing on the issue, at which both petitioner and Ryan testified. Based on my observation on their demeanor and the entire record, I found Ryan's testimony more credible than petitioner's. I found that Ryan did consult with petitioner about an appeal, and that petitioner did not direct Ryan to file the notice. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994) ("A lawyer need not appeal unless the client wants to pursue that avenue.").

This claim required a credibility determination, which I resolved adversely to petitioner. Given that determination, jurists of reason would not suggest that the claim proceed further.

5

Case 2:05-cv-00585-LA   Filed 09/27/06   Page 5 of 7   Document 26

### 2. Double Jeopardy Claim

Petitioner claimed that his double jeopardy rights were violated when he was convicted of both armed robbery and brandishing a firearm during that robbery. The Seventh Circuit has rejected this argument. United States v. Larkin, 978 F.2d 964, 972 (7th Cir. 1992) (holding that Congress intended to authorize consecutive sentences for armed robbery and use of a firearm during that same robbery); see also United States v. Gonzales, 520 U.S. 1, 10 (1997) (noting that Congress amended § 924(c) in 1984 so that its sentencing enhancement would apply regardless of whether the underlying felony statute provides for an enhanced punishment if committed by the use of a dangerous weapon, as does the armed bank robbery statute). Given this controlling precedent, jurists of reason would not find my denial of the claim debatable or wrong.

### 3. Fifth and Sixth Amendment Claim

Finally, petitioner claimed that his Fifth and Sixth Amendment rights were violated because the guideline sentencing enhancements applied to him were not charged in the indictment. As with his Apprendi claim discussed above, there was not at the time of petitioner's plea and sentencing, nor is there now, any authority for the proposition that guideline enhancements must be charged in the indictment or submitted to the jury. See United States v. Robinson, 435 F.3d 699, 700 (7th Cir. 2006). Further, at his sentencing hearing, petitioner specifically waived his rights under Blakely, providing another basis for rejecting this claim. See Peterson, 414 F.3d at 828-29 (dismissing as frivolous claim based on Blakely where defendant waived his rights under that decision and consented to judicial fact-finding). For these reasons, my denial of the claim is not debatable.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7